**TEXAS INDUSTRIES, INC., Appellant,**

v.

**Clabourne W. VAUGHAN, Appellee.**

**No. 14–94–00997–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 14, 1996.

Rehearing Overruled April 18, 1996.

John B. Wallace, Houston, Charles W. Lyman, Houston, for appellant.

David Frishman, Katy, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Texas Industries (TXI) appeals from a jury verdict in favor of Clabourne Vaughan. Vaughan sued TXI for terminating him in violation of the Texas Workers' Compensa-

tion Act.[1] A jury found that TXI wrongfully discharged Vaughan because he filed a workers' compensation claim and awarded Vaughan $173,116 in compensatory damages and $250,000 in exemplary damages. TXI raises ten points of error, contending: (1) the evidence is legally and factually insufficient to support the award of compensatory and exemplary damages; (2) damages for mental anguish were not supported by pleadings; (3) the evidence was legally and factually insufficient to support the jury finding that TXI acted willfully and maliciously; (4) the trial court improperly awarded, or alternatively, improperly calculated prejudgment interest. We reverse and remand.

Vaughan worked as a truck driver for TXI from 1969 until he was terminated in 1991. In late 1990, Vaughan was injured on the job in an automobile accident. He filed a workers' compensation claim following his injury and was soon after discharged. Vaughan subsequently brought this cause of action against TXI for wrongful termination seeking compensatory and exemplary damages. In this appeal, TXI is not contesting liability.

■ In its first two points of error, TXI challenges both the legal and factual sufficiency of the evidence to support the award for compensatory damages. When both legal and factual sufficiency points are raised, we are required to rule on the "no evidence," or legal insufficiency, points first. *Glover v. Texas Gen. Indem. Co.,* 619 S.W.2d 400, 401 (Tex.1981). In reviewing a legal insufficiency challenge, we must examine only the evidence and inferences which tend to support the verdict, and disregard all evidence and inferences to the contrary. *Heldenfels Bros. Inc. v. Corpus Christi,* 832 S.W.2d 39, 41 (Tex.1992). The judgment must be upheld if there is more than a scintilla of evidence to support it. *Stedman v. Georgetown Sav. & Loan Ass'n,* 595 S.W.2d 486, 488 (Tex.1979). If, however, the evidence is so weak as to create no more than a mere surmise or suspicion of the existence of the finding, the evidence is no more than a scintilla and consti-

tutes no evidence. *Kindred v. Con/Chem.,* 650 S.W.2d 61, 63 (Tex.1983).

■ If we find some evidence to support the verdict, we will then review the claim of factually insufficient evidence. *International Piping Systems, Ltd. v. M.M. White & Assoc.,* 831 S.W.2d 444, 447 (Tex.App.—Houston [14th Dist.] 1992, writ denied). In reviewing a factual sufficiency challenge, we must consider all the evidence in the record, both supporting and contrary to the judgment. *Plas–Tex Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). After considering and weighing all the evidence, we should set aside the verdict only if it is so contrary to the overwhelming weight and sufficiency of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

In its first point of error, TXI contends there was no evidence to support the jury award of $173,000 for compensatory damages. The jury charge instructed the jury to consider the following factors to determine compensatory damages: (1) past lost wages and employment benefits; (2) future lost wages and employment benefits; (3) past mental anguish; and (4) mental anguish reasonably likely to be incurred in the future. The charge did not instruct the jury to consider these elements of damages separately, therefore, the amount awarded for each element is not segregated.

■ TXI contends that Vaughan never proved a causal nexus between his discharge and his damages. Specifically, TXI argues that Vaughan's evidence on lost wages was based upon false assumptions and that his mental anguish evidence was never proven to be related to his discharge. Even in a situation where the defendant's liability has been established, a plaintiff must still prove a causal nexus between the amount of damages and the injury. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 733 (Tex.1984). TXI also contends that his mental anguish evidence fell short of the threshold necessary for recovery of this element.

1. TEX.REV.CIV.STAT.ANN. art. 8307c (Vernon Supp. 1992), *repealed by* Act May 12, 1993, 73rd Leg., R.S., ch. 269, § 5(1), Tex.Gen.Laws 987, 1273 (current version at TEX.LIAB.CODE ANN. §§ 451.001–451.003 (Vernon Pamph.1995).

■ Vaughan's lost wages testimony consisted of expert testimony from an economist who estimated that Vaughan's lost wages and benefits totalled $194,000. He based this figure on the difference between the wages and benefits Vaughan received at TXI and those received at a job he acquired subsequent to his discharge from TXI. Further, this figure was predicated on the assumption that Vaughan would work until the age of sixty-seven and that he would remain healthy enough to perform his job until that age. Vaughan, however, testified that he planned to retire at sixty-five. Additionally, Vaughan had to quit driving a truck less than three years after he was terminated from TXI because of bad kidneys. This was about nine years shorter than the economist estimated he would work.

■ When an expert's opinion is based on assumed facts that vary materially from the actual, undisputed facts, the opinion is without probative value and cannot support a verdict or judgment. *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). However, because the jury also considered this element of damages along with mental anguish, it is impossible to know how much the jury awarded for lost wages and how much for mental anguish. Therefore, we must consider these elements together. Nonetheless, Vaughan's presented more than a scintilla of lost wages evidence, and thus, it was legally sufficient.

■ On the mental anguish issue, Vaughan's testified that, as a result of his discharge, he cannot sleep at night because he is worrying about bills, and his stomach gets upset. TXI contends that Vaughan failed to establish causation between the termination and the anguish because, at the time he testified, he had quit the job he acquired after his discharge from TXI for health reasons, and had been out of work for nine months. Thus, any worrying over bills he suffered was a result of his intervening medical problems forcing him to leave the job he acquired after his discharge from TXI. Further, TXI contends Vaughan presented no evidence to support an award for mental anguish. The Texas Supreme Court recently addressed the standard for mental anguish and concluded:

> [An] award of mental anguish will survive a legal insufficiency challenge when the plaintiffs have introduced direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiffs' daily routine. Such evidence, whether in the form of the claimants' own testimony, that of third parties, or that of experts, is more likely to provide the fact finder with adequate details to assess mental anguish claims. Although we stop short of requiring this type of evidence in all cases in which mental anguish damages are sought, the absence of this type of evidence, particularly when it can be readily supplied or procured by the plaintiff, justifies close judicial scrutiny of other evidence offered on this element of damages.

> When claimants fail to present direct evidence of the nature, duration, or severity of their anguish, we apply traditional "no evidence" standards to determine whether the record reveals any evidence of "a high degree of mental pain and distress" that is "more than mere worry, anxiety, vexation, embarrassment, or anger" to support any award of damages.

*Parkway Co. v. Woodruff,* 901 S.W.2d 434, 444 (Tex.1995). Vaughan's only *direct* testimony on his mental anguish was that described above. This direct evidence does not sufficiently describe the nature, severity, and duration of his mental anguish so as to survive a legal sufficiency challenge. *See e.g. id.; Phar-Mor, Inc. v. Chavira,* 853 S.W.2d 710, 712 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (holding that headaches, nervousness and lack of sleep, without more, constituted no evidence of mental anguish). Thus, we must look at other evidence in the record to see if he met this threshold.

■ Vaughan contends that circumstantial evidence established that he has suffered mental anguish. Some types of disturbing or shocking injuries have been found sufficient to support an inference of mental anguish. *Parkway Co.,* 901 S.W.2d at 445. As a general matter, the types of events supporting these inferences have demonstrated a threat

to one's physical safety or reputation, or have involved the death of, or serious injury to a family member. *Id.*

Vaughan presented evidence that when he was terminated, his file was coded with a symbol indicating he was not subject to rehire, which would prevent him from ever driving a truck for another company. Further, Vaughan asserts that awards he had received over his years with TXI had been removed from his file. Vaughan also testified that TXI assigned him to heavy railcar duty as a form of retaliation, and that he was falsely accused of insubordination and made to look like a bad employee. Ignoring all evidence and inferences to the contrary, this is more than a scintilla of evidence that Vaughan suffered mental anguish. Further, there is some evidence of causation of mental anguish because Vaughan testified that his loss of sleep and stomach problems resulted from his termination from TXI. Thus, the mental anguish evidence is legally sufficient. Accordingly, we overrule TXI's first point of error.

■ TXI's second through fourth points challenge the factual sufficiency of the evidence to support compensatory damages. TXI also contends the submission of the mental anguish issue was not supported by the pleadings. A trial court may not submit a jury question that is unsupported by the pleadings or tried by consent. *Matthews v. General Accident Fire & Life Assurance Corp.*, 161 Tex. 622, 343 S.W.2d 251, 254 (1961); *Haney v. Purcell Co.*, 796 S.W.2d 782, 786 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *see also* TEX.R.CIV.P. 278.

■ In the present case, special issue number 2 of the jury charge asked what sum of money would compensate Vaughan. The jury was instructed to consider past and future mental anguish. Vaughan's pleadings, however, did not raise the issue of mental anguish. TXI did not specially except to Vaughan's pleadings, so we are to construe the pleadings liberally. *Roark v. Allen*, 633 S.W.2d 804, 809–810 (Tex.1982). However, even construing the pleadings liberally, there is no language to support the submission of a damages question instructing the jury to consider mental anguish. Vaughan specifically

stated in his pleadings, "Plaintiff ... seeks damages for past lost wages, future lost wages, and lost retirement benefits." Although Vaughan included a general prayer for "such other relief ... to which plaintiff may be entitled," this does not adequately apprise TXI as to what damages would be sought. Pleadings should give fair and adequate notice of the facts upon which the pleader relies in order that the adverse party may properly prepare his defense. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 637 (Tex.1982).

■ Further, the mental anguish issue was not tried by consent. Although, TXI did not object to the mental anguish evidence when it was introduced at trial, it specifically objected on the record at the jury charge conference prior to the submission of the charge to the jury. *See* TEX.R.CIV.P. 274. An objection, on the record, prior to the submission of the charge to the jury precludes trial by consent. *See* TEX.R.CIV.P. 67; *Atlantic Richfield v. Misty Products, Inc.*, 820 S.W.2d 414, 418 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Mexico Indus., Inc. v. Banco Mexico Somex*, 858 S.W.2d 577, 582 (Tex.App.—El Paso 1993, writ denied).

Vaughan, however, urges on appeal that the doctrine of invited error estops TXI from raising the lack of pleadings. At the jury charge conference, TXI objected to the submission of mental anguish because of Vaughan's failure to plead this issue. In response, Vaughan requested the opportunity to make a trial amendment. TXI objected to this motion on the grounds that it was too late to amend the pleadings. The trial court denied Vaughan's motion to amend his pleadings.

■ A trial court has *no* discretion to refuse a trial amendment unless (1) the opposing party presents evidence of surprise or prejudice or (2) the amendment asserts a new cause of action or defense, and thus is prejudicial on its face. *State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 658 (Tex.1994), *cert. denied*, —— U.S. ——, 114 S.Ct. 2740, 129 L.Ed.2d 860 (1994). The burden of showing surprise or prejudice rests on the

resisting party. *Id.* TXI did not offer any evidence of surprise or prejudice, and mental anguish is not a cause of action or defense. Thus, the trial court erred by refusing to allow a trial amendment.

 The doctrine of *invited error*, however, does not apply to this situation. A party may not complain of an error which he has invited. *International Piping Systems, Ltd. v. M.M. White & Assoc.,* 831 S.W.2d 444, 449 (Tex.App.–Houston [14th Dist.] 1992, writ denied). However, TXI is not the party complaining of the trial court's failure to allow a trial amendment. Therefore, TXI is not estopped from asserting Vaughan's pleadings were insufficient.

 Moreover, the evidence was factually insufficient to support damages for mental anguish. Although a victim may recover damages for mental anguish without any physical injury, Vaughan's direct and circumstantial evidence did not rise to the level establishing that he suffered an intense pain of body or mind, or a high degree of suffering beyond any mere worry, anxiety, vexation, or anger. *See Parkway Co.,* 901 S.W.2d at 444. To recover for mental anguish, a plaintiff must prove such painful emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, or public humiliation. *Phar–Mor, Inc. v. Chavira,* 853 S.W.2d 710, 712 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

Vaughan's circumstantial evidence, that (1) his file was coded with a symbol indicating he was not subject to rehire, (2) awards had been removed from his file, (3) TXI assigned him to heavy railcar duty, and (4) he was falsely accused of insubordination, were rebutted by TXI. For example, a TXI employee testified that this code had been changed to mean "see personnel file," and TXI presented testimonial evidence that Vaughan had engaged in insubordinate behavior. Further, TXI presented testimony denying that Vaughan was assigned to heavy railcar duty. This circumstantial evidence may support some evidence of willful and malicious

conduct, but the incidents described by Vaughan do not rise to the "shocking or disturbing" level sufficient for the jury to infer that Vaughan suffered a high degree of mental suffering. This is particularly true in light of Vaughan's own testimony that his suffering involved worrying about bills and loss of sleep. Further, given the intervening circumstances that occurred subsequent to Vaughan's discharge from TXI, there is also factually insufficient evidence as to the causation for his worrying. *See Burroughs,* 907 S.W.2d at 499. Although Vaughan testified that his loss of sleep and stomach problems resulted from his termination from TXI, he offered no testimony as to whether these problems began after his discharge, or after he left his subsequent job for health reasons. Therefore, we find that an award of mental anguish is so contrary to the overwhelming weight and sufficiency of the evidence as to be clearly wrong and unjust.[2] *See Cain,* 709 S.W.2d at 176. Therefore, TXI's second, third, and fourth points of error are sustained.

 It is unnecessary for us to consider whether the evidence was factually insufficient to support a finding for lost wages. Because the trial court failed to segregate damages, the case must be remanded on all damages if we find reason to remand on one element of damages. *See e.g., Worsham Steel v. Arias,* 831 S.W.2d 81, 87–88 (Tex. App.—El Paso 1992, no writ). Moreover, because we are reversing as to actual damages it would be premature to rule on TXI's fifth through eighth points on the issue of exemplary damages. A plaintiff must be entitled to compensatory damages before punitive damages can be awarded. *Travelers Indem. Co. of Illinois v. Fuller,* 892 S.W.2d 848 (Tex.1995). Finally, because of the disposition of this appeal, it is unnecessary for us to consider TXI's ninth and tenth points, alleging that the trial court incorrectly awarded or, alternatively, incorrectly measured prejudgment interest. Therefore, because we are remanding this case for a new

---

**2.** As noted above, the damages were not segregated so it is possible that the jury did not award

Vaughan any money for mental anguish.

trial, we will not address TXI's fifth through tenth points.

The judgment of the trial court is reversed and this case is remanded for a new trial.[3]

---

**3.** Even though TXI has not contested the jury's liability finding on appeal, we must reverse the entire judgment of the court below because TXI contested liability at trial. *See* Tex.R.Civ.P. 320; Tex.R.App.P. 81(b)(1) (both providing that a separate trial on unliquidated damages alone shall not be ordered where liability is contested.)