Opinion filed September 11, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
11, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00337-CV

                                                    __________

 

DUKE PENDERGRAFT AND MACHELLE PENDERGRAFT,
INDIVIDUALLY AND D/B/A PENDERGRAFT STONE, Appellants

 

                                                             V.

 

                             ELIAS
CAMACHO CARRILLO, Appellee

 



 

                                         On
Appeal from the 259th District Court

 

                                                          Jones
County, Texas

 

                                                   Trial
Court Cause No. 20,584

 



 

                                                                   O
P I N I O N








This
case arises from an on-the-job injury.  Elias Camacho Carrillo=s employer, Duke
Pendergraft and Machelle Pendergraft, individually and d/b/a Pendergraft Stone,
did not have workers=
compensation insurance.  Following a bench trial, the trial court entered a
judgment in Carrillo=s
favor on his negligence claim and awarded various elements of damages to him,
including damages for physical pain, mental anguish, physical impairment, and
disfigurement.  Because the evidence was legally insufficient to support the
trial court=s awards
for mental anguish, physical impairment, and disfigurement damages, we reverse
and remand for a new trial on liability and damages.  

                                                               Background
Facts

Pendergraft
Stone operated a stone quarry in Jones County, Texas.  Carrillo began
employment with Pendergraft Stone in March 2004, and his job consisted of picking
up rocks and putting them on pallets.  While at work on March 22, 2004,
Carrillo sustained a non-displaced fracture of his jaw when he was struck in
the face by an air compressor hose.  Carrillo brought this negligence action
against Duke Pendergraft and Machelle Pendergraft, individually and d/b/a
Pendergraft Stone.  In his petition, he alleged that his injury had resulted
from the improper operation of an air hose by the Pendergrafts or their
employees.  Carrillo sought to recover damages for physical pain, mental
anguish, physical impairment, disfigurement, medical expenses, lost earnings,
and loss of earning capacity.

The
Pendergrafts retained counsel to represent them.  However, their counsel later
withdrew when he left private practice.  The trial court set the case for trial
on August 24, 2006.  Duke Pendergraft represented himself at trial.  Carrillo=s counsel appeared for
trial, but Carrillo did not attend the trial.  Carrillo=s counsel called two witnesses: (1) Duke
Pendergraft; and (2) Jackie Collins, Carrillo=s
wife.  Carrillo=s
counsel also introduced into evidence Carrillo=s
medical records and medical expense records.

On
August 28, 2006, the trial court entered a judgment awarding Carrillo actual
damages in the amount of $325,000.  The Pendergrafts retained counsel.  At the
request of the Pendergrafts=
counsel, the trial court entered findings of fact and conclusions of law.  The
trial court made the following findings of fact in support of the actual
damages awarded in its judgment:

12.  The sum of
$10,704.28, if paid now in cash would fairly and reasonably compensate Elias
Camacho Carrillo for the medical expenses incurred by him for the medical care
and treatment of the injuries which he suffered as a result of the
March 22, 2004, occurrence in question.

 

13. The sum of
$6,210.00, if paid now in cash would fairly and reasonably compensate Elias
Camacho Carrillo for the loss of earning capacity sustained by him in the past
as a result of his injuries suffered by him in the occurrence in question.

 








14. The sum of $308,085.72, if
paid now in cash, would fairly and reasonably compensate Elias Camacho Carrillo
for the physical pain, mental anguish, physical impairment, and disfigurement
sustained by him in the past that resulted from the March 22, 2004 occurrence
in question.

 

 Issues on Appeal

The
Pendergrafts present eight issues for review.  Their first three issues
challenge the sufficiency of the evidence to support the actual damages awarded
by the trial court.  Specifically, they assert (1) that the evidence was
legally and factually insufficient to support the trial court=s actual damages award of
$325,000; (2) that the trial court=s
award of $308,085.72 for physical pain, mental anguish, physical impairment,
and disfigurement was excessive; and (3) that the trial court erred in denying
their motions for new trial.  In their fourth issue, they contend that the
trial court erred in abusing its discretion by denying their motion for new
trial that was based on newly discovered evidence.  In their fifth issue, they
assert that the trial court abused its discretion in refusing to hold hearings
on their motions for new trial.  In their sixth issue, they assert that the
evidence was factually insufficient to support the trial court=s award of $6,210 for loss
of earning capacity.  In their seventh and eighth issues, they argue that the
trial court erred in failing to give them credit for payments that they made to
Carrillo for medical expenses and loss of earning capacity.

                                                  Standards of Review








We
review a trial court=s
conclusions of law de novo.  BMC Software Belgium, N.V. v. Marchand, 83
S.W.3d 789, 794 (Tex. 2002).  We review a trial court=s findings of fact for legal and factual
sufficiency under the same standards we apply in reviewing a jury=s findings.  Catalina v.
Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); Anderson v. City of Seven
Points, 806 S.W.2d 791, 794 (Tex. 1991).  In analyzing a legal sufficiency
challenge, we must determine whether the evidence at trial would enable
reasonable and fair-minded people to reach the verdict under review.  City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  We must review the
evidence in the light most favorable to the challenged finding, crediting any
favorable evidence if a reasonable factfinder could and disregarding any
contrary evidence unless a reasonable factfinder could not.  Id. at
821-22, 827.  We may sustain a no-evidence or legal sufficiency challenge only
when (1) the record discloses a complete absence of a vital fact, (2) the court
is barred by rules of law or evidence from giving weight to the only evidence
offered to prove a vital fact, (3) the only evidence offered to prove a vital
fact is no more than a mere scintilla, or (4) the evidence conclusively
establishes the opposite of a vital fact.  Id. at 810 (citing Robert W.
Calvert, ANo
Evidence@ and AInsufficient Evidence@ Points of Error, 38 Texas L. Rev. 361, 362-63 (1960)).

In
analyzing a factual sufficiency challenge, we must consider and weigh all of
the evidence and determine whether the evidence in support of a finding is so
weak as to be clearly wrong and unjust or whether the finding is so against the
great weight and preponderance of the evidence as to be clearly wrong and
manifestly unjust.  Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex.
2001); Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); In re
King=s Estate,
244 S.W.2d 660, 661 (Tex. 1951).  The standard of review for an excessive
damages complaint is factual sufficiency of the evidence.  Maritime Overseas
Corp. v. Ellis, 971 S.W.2d 402, 406 (Tex. 1998).

                                                                Evidence
at Trial

Duke
Pendergraft testified that Machelle and he owned Pendergraft Stone.  Carrillo
had worked for Pendergraft Stone for about a week before the March 22, 2004
accident occurred.  Pendergraft did not see the accident.  Larry Lewis, an
employee of Pendergraft Stone, was present when the accident occurred. 
Pendergraft discussed the facts of the accident with Lewis and Carrillo. Based
on these discussions, Pendergraft testified that Carrillo unhooked the hose
from an air compressor before the air had been bled from the compressor and
that the hose flipped up and hit Carrillo.  Lewis accompanied Carrillo to the
emergency room in Stamford.  At that time, Pendergraft was informed that
Carrillo had a cut between his lip and chin and that A[i]t look[ed] pretty bad.@

Carrillo=s medical records from
Stamford Memorial Hospital indicated that he had been hit in the mouth with the
metal end of an air compressor hose and that he had a 2.5 centimeter laceration
below his lip.  Carrillo=s
medical records from Hendrick Medical Center showed that, on March 29, 2004,
X-rays were taken of his mandible (jaw).  The X-rays showed evidence of Aa non-displaced fracture
just to the left of the midline of the mandibular symphysis.@  Dr. Joe L. Kethley Jr., a
doctor of dental surgery, performed surgery on Carrillo=s left jaw on March 30, 2004.  Dr. Kethley
diagnosed Carrillo with an A[i]ntraorally
compounded mobile fracture of the left mandible parasymphasis.@  During the surgery, Dr.
Kethley secured a plate to Carrillo=s
jaw.  Carrillo was discharged from Hendrick Medical Center on March 31, 2004.








Carrillo
was Ahealing well@ when he saw Dr. Kethley on
April 8, 2004.  On April 22, 2004, Carrillo complained to Dr. Kethley of pain
in Atooth #24.@  On May 13, 2004, Carrillo
complained to Dr. Kethley of pain in Ateeth
#22 and #23,@ and
Carrillo wanted to have those two teeth extracted.  Dr. Kethley did not
indicate in the medical records whether Carrillo=s
complaints regarding his teeth were related to the March 22, 2004 injury.

Carrillo=s medical records showed
that, on July 6, 2004, he saw Dr. R. Neil Gibson for an earache.  Dr. Gibson
stated the following: 

Of note also, back
in March the patient had a fractured mandible.  He says that is not bothering
him at all. He followed up with a specialist in Abilene concerning this, got a
plate for his jaw, and is doing very well.

 

Collins
provided the only testimony relating to pain experienced by Carrillo after the
accident:  

Q. 
Do you recall [March 22, 2004] when he finally came home from work?

 

A. 
Yes, I do.

 

Q. 
And can you tell us whether or not you saw any physical injuries to his face?

 

A. 
Yes.  His lip was bleeding and his teeth looked like they were broken, you
know, trying to B they
were loose, and his jaw looked funny, you know, and he was hurting.  He was in
pain.

 

. . . .

 

 

Q.
And when he was recovering both in the hospital and afterwards was he suffering
from some physical pain?  

 

A.
Yes, he was.  He was hurting.

 

                                                            Analysis








The
trial court did not segregate its awards for physical pain, mental anguish,
physical impairment, and disfigurement.  Instead, the trial court awarded a
total of $308,085.72 in damages for these four elements.  The evidence showed
that Carrillo sustained a non-displaced fracture in his left jaw as a result of
the accident.  Thus, the evidence was sufficient to support an award of damages
for physical pain.

To
recover damages for mental anguish, a plaintiff must introduce Adirect evidence of the
nature, duration, and severity of [his or her] mental anguish, thus
establishing a substantial disruption in [his or her] daily routine@ or evidence of Aa high degree of mental
pain and distress that is more than mere worry, anxiety, vexation,
embarrassment, or anger.@ 
Parkway Co. v. Woodruff, 901 S.W.2d 434, 444 (Tex. 1995).  The evidence
must also justify the amount awarded.  Saenz v. Fid. & Guar. Ins.
Underwriters, 925 S.W.2d 607, 614 (Tex. 1996).  Collins=s testimony contained two
references to physical pain, but she did not testify about mental anguish. 
Carrillo may have suffered mental anguish as a result of his injury.  However,
Carrillo did not testify, and there was no testimony or other evidence that he
sustained mental anguish. 

APhysical impairment@ encompasses the loss of
the injured party=s
lifestyle, the effect of which must be substantial and extend beyond any pain,
suffering, mental anguish, lost wages, or diminished earning capacity.  Golden
Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 772 (Tex. 2003); Patlyek
v. Brittain, 149 S.W.3d 781, 785-86 (Tex. App.CAustin 2004, pet. denied).  There was no
evidence that Carrillo sustained physical impairment as a result of his
injury.  

ADisfigurement@ has been defined as Athat which impairs or
injures the beauty, symmetry, or appearance of a person . . . ; that which
renders unsightly, misshapen or imperfect, or deforms in some manner.@  Goldman v. Torres,
341 S.W.2d 154, 160 (Tex. 1960); SunBridge Healthcare Corp. v. Penny,
160 S.W.3d  230, 252 (Tex. App.CTexarkana
2005, no pet.).  Carrillo had a 2.5 centimeter laceration under his lip. 
However, there was no evidence that he had any scarring or other type of
disfigurement as a result of his injury.

We
have set out the standards of review.  When we apply those standards, we
conclude that the evidence was legally insufficient to support the trial court=s finding that Carrillo
sustained mental  anguish, physical impairment, and disfigurement.  Therefore,
we sustain the Pendergrafts=
first and second issues and do not reach the remaining issues.  Tex. R. App. P. 47.1.    








Ordinarily,
when there is legally insufficient evidence to support a finding, we reverse
and render.  Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 86
(Tex. 1992).  However, in this case, the trial court failed to segregate the
damages awarded for physical pain, mental anguish, physical impairment, and
disfigurement, and the evidence supported an award of damages for physical
pain.  Therefore, we remand for another trial on all damages issues.  Tex. R. App. P. 43.3; see Tex.
Indus., Inc. v. Vaughan, 919 S.W.2d 798, 804 (Tex. App.CHouston [14th Dist.] 1996,
writ denied) (If a trial court fails to segregate damages and the evidence is
factually insufficient to support an award on one element of damages, the case
must be remanded for a new trial on all damages.).  Because we are remanding
for a new trial on claims involving unliquidated damages, we also remand for a
new trial on liability.  Tex. R. App.
P. 44.1(b).

                                                               This
Court=s Ruling

We
reverse the judgment of the trial court, and we remand this case to the trial
court for a new trial on liability and damages.

 

 

TERRY McCALL

JUSTICE 

 

September 11,
2008

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.