

# NUMBER 13-19-00116-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE LUIS MORENO,                                         **Appellant,**

**v.**

NORMA OCADIZ, AS ADMINISTRATOR
FOR CESAR BALTAZAR, INDIVIDUALLY
AND D/B/A NAYTEX BUILDERS AND
SOUTH TEXAS PROPERTIES,                     **Appellees.**

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

Appellant Jose Luis Moreno appeals a judgment following a bench trial in favor of

appellee Norma Ocadiz, as administrator for Cesar Baltazar, individually and d/b/a Naytex

Builders and South Texas Properties (collectively, Baltazar).[1] By five issues, Moreno argues that the trial court abused its discretion when it: (1) failed to issue findings of fact and conclusions of law; (2) ruled that Moreno failed to plead a cause of action and denied his motion urging that his claims of reimbursement and unjust enrichment were tried by consent, and in the alternative, that the defendants should have filed special exceptions; (3) rendered a judgment that was not supported by the evidence; (4) denied his motion to re-open evidence after the bench trial had concluded; and (5) denied his motion for new trial. We affirm.

## I.     BACKGROUND

### A.    Procedural History

In 2016, Baltazar filed eviction proceedings in justice court to remove plaintiff Aleyda Tijerina from a home located at 8413 North Main Street in McAllen, Texas (the Property). Tijerina, Moreno's former girlfriend, responded by filing a lawsuit of her own, asserting misrepresentation, quantum meruit, conversion, fraud, and fraudulent inducement causes of action against Baltazar. She also asserted a declaratory judgment action, asking the trial court to declare her as the owner in fee simple of the Property.

Moreno filed a petition in intervention, challenging ownership of the Property because he alleged he made continuous cash payments toward the Property's purchase. Moreno prayed for ownership of the home or, in the alternative, a return of his money from Baltazar.

---

[1] Cesar Baltazar was originally a party to the suit; however, he died during the pendency of this litigation. The probate court appointed Ocadiz, his widow, as administrator of his estate.

**B. The Bench Trial**

The bench trial revealed the following facts. When Moreno and Tijerina were involved in a romantic relationship, they decided to purchase a home together for themselves and their two children. Baltazar offered to sell the couple the Property. In March 2012, the parties orally agreed upon a purchase price of $450,000. There was no written contract regarding this sale. Moreno and Tijerina subsequently paid Baltazar $150,000 as a down payment toward the purchase of the Property. At trial, Moreno and Tijerina argued about their respective contributions to the down payment: Tijerina claimed that she paid $140,000 of the down payment and that Moreno contributed $10,000 in cash, while Moreno countered that he contributed $80,000 and Tijerina paid $70,000 of the $150,000 down payment.

Before the couple could arrange to finance the remaining $300,000 balance on the Property, they separated. Moreno moved out of the Property in September 2012. Moreno and Tijerina then differ regarding what occurred next. Tijerina claims she no longer wanted to live in the Property, so she spoke to Baltazar and asked for her $140,000 portion of the down payment back. She testified Baltazar told her he no longer had the money but he would allow her to live in the Property with her children until he sold it. Tijerina said Baltazar promised to return her down payment with the proceeds of the sale. Moreno, on the other hand, claimed he wanted the Property for his children. He testified that he made a total of $289,000 in primarily cash payments to Cesar Baltazar, Jr. (Junior), Baltazar's son, to proceed with the purchase of the Property.[2] Moreno offered

---

[2] Only $15,000 of the $289,000 amount was attributable to checks. One check for $10,000 was dated May 8, 2013, and another check dated August 14, 2015, was for $5,000. The remainder of the amount

3

into evidence, and the trial court admitted, Intervenor's Exhibit 1, which was a list of payments Moreno claimed he made toward the home. Moreno claimed that Junior created this document, but on the witness stand, Junior could not recall preparing or even seeing this ledger.

Tijerina resided in the Property for four years, not paying taxes or rent during this time. Ocadiz, Baltazar's widow, presented documents that her husband Baltazar had paid the taxes during this time.

At the conclusion of the bench trial, the court requested that the parties submit proposed findings of fact and conclusions of law. At this time, Moreno filed a Rule 270 motion to reopen the case. He claimed to have found a witness that could bolster his testimony regarding Intervenor's Exhibit 1 that listed his cash payments toward the purchase of the Property. The witness, Elias Longoria, a First Vice President at Texas Regional Bank, submitted an affidavit testifying that Junior acknowledged to Longoria that Moreno made additional cash payments toward the Property. The motion also stated that another witness, Rolando Ruiz, would be willing to testify that Junior acknowledged in his presence that the Property was nearly paid for.

## C. The Final Judgment

The trial court signed a final judgment on December 7, 2018. The final judgment included findings of fact and conclusions of law. This order also implicitly overruled Moreno's motion to re-open the case, as it "disposed of all claims and all parties."

---

was allegedly paid in cash.

In its order, the trial court concluded that Tijerina and Moreno were "entitled to a credit of $150,000." Because Tijerina had lived in the Property without paying rent or taxes, the trial court further ordered Tijerina to pay Baltazar: (1) actual damages in the amount of $172,900.00; (2) prejudgment interest of $20,203.25; (3) $20,000 in attorney's fees; (4) court costs; and (5) post-judgment interest in all amounts. The court granted title in fee simple of the Property to Baltazar d/b/a Naytex Builders. Regarding Moreno, the trial court concluded that Moreno "did not assert any cause of action against [Baltazar]."

## D. Post-Judgment Motions

Although the final order incorporated findings of fact and conclusions of law, both Tijerina and Moreno filed requests for findings of fact after the order was issued. Moreno later filed an "amended request for findings of fact and conclusions of law," but never filed a past due notice for the same. Moreno also filed for a motion for new trial, which was denied. Moreno appeals.[3]

## II. INSUFFICIENT EVIDENCE TO SUPPORT THE JUDGMENT

We analyze Moreno's third issue first, as the analysis of this issue could be dispositive of the appeal. Moreno's third issue argues that there is legally insufficient evidence to support the trial court's judgment.

## A. Standard of Review & Applicable Law

When an appellant challenges the legal sufficiency of the evidence supporting an adverse finding on which the appellant did not have the burden of proof at trial, the appellant must demonstrate that there is no evidence to support the adverse finding. *State*

---

[3] Moreno only challenges the trial court's award of the Property to Baltazar. He does not challenge any portion of the judgment relating to Tijerina. Accordingly, Tijerina is not a party to this appeal.

5

*Off. of Risk Mgmt. v. Pena*, 548 S.W.3d 84, 90 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 807–08 (Tex. 2005)). Reviewing courts examine the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id.*

"Our traditional legal sufficiency—or 'no evidence'—standard of review upholds a finding supported by [a]nything more than a scintilla of evidence." *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014) (*quoting Formosa Plastics Corp. U.S.A. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998)). More than a scintilla exists when the evidence would enable reasonable and fair-minded people to reach different conclusions. *Pena*, 548 S.W.3d at 90. The traditional scope of legal sufficiency review only considers evidence contrary to the judgment in the following three scenarios: (1) there is no favorable evidence; (2) the contrary evidence renders favorable evidence incompetent; or (3) the contrary evidence conclusively establishes the opposite of the judgment. *City of Keller*, 168 S.W.3d at 810–11.

## B.    Analysis

Moreno does not specify which finding of fact he challenges on appeal. We assume, based on his briefing, that he challenges the trial court's "finding" that he "did not assert any cause of action against [Baltazar]." However, there is no "judgment" or "verdict" against Moreno. We note, in fact, that the trial court provided an offset to both him and Tijerina in the amount of $150,000 in its final order, presumably to compensate them for the down payment on the Property.

Because no specific finding of fact supports an "adverse" judgment against Moreno, there is nothing for us to review. *Pena*, 548 S.W.3d at 90; *City of Keller*, 168 S.W.3d at 807–08. We overrule this issue.

### III.    FINDINGS OF FACT AND CONCLUSIONS OF LAW

By his first issue, Moreno complains that the trial court abused its discretion when it failed to issue findings of fact and conclusions of law. He further argues that it was improper to place the findings of fact and conclusions of law in the trial court's final judgment.

### A.    Standard of Review & Applicable Law

Texas Rule of Civil Procedure 296 provides that, "in any case tried in the district or county court without a jury, a party may request the court to state in writing its findings of fact and conclusions of law." *See* TEX. R. CIV. P. 296. The request shall be filed within twenty days after the judgment is signed and should be served upon all other parties. *See id*. The trial court "shall file its findings of fact and conclusions of law within twenty days" after a party has timely requested it. *See id*. R. 297. If the trial court fails to file the requested information, a party must then file a "Past Due Notice of Findings of Fact and Conclusions of Law." *Id*. A party waives their right to complain on appeal of any error related to the trial court's failure to make a finding or conclusion if they fail to file the notice of past due findings. *See Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017).

### B.    Analysis

We agree with Moreno that the trial court should not have placed the findings of

7

fact in the judgment. *See Salinas v. Beaudrie*, 960 S.W.2d 314, 317 (Tex. App.—Corpus Christi–Edinburg 1997, no writ) (concluding that findings of fact "do not belong in the judgment."); *see also Guerrero v. Salinas*, No. 13-05-323-CV, 2006 WL 2294578, at *6 n.7 (Tex. App.—Corpus Christi–Edinburg Aug. 10, 2006, no pet.) (mem. op.) ("Indeed, any findings made by the trial court are not to be included in the judgment."); *Gonzalez v. Gonzalez*, No. 13-02-202-CV, 2003 WL 21674762, at *2 (Tex. App.—Corpus Christi–Edinburg July 18, 2003, no pet.) (mem. op.) ("Although contained in the judgment, no separate findings of fact were filed in this case. . . . Therefore, for our purposes, we review this case as one in which findings of fact were not made."). However, because Moreno failed to file his "Notice of Past Due Findings of Fact and Conclusions of Law" to preserve this issue for appeal, we conclude this error is waived. *See* TEX. R. CIV. P. 297*; Ad Villarai, LLC*, 519 S.W.3d at 137. We recognize that Moreno filed an "amended request for findings of fact and conclusions of law," however, this "amended request" did not comply with rule 297 for the purposes of preservation. *See* TEX. R. CIV. P. 297*; Ad Villarai, LLC*, 519 S.W.3d at 137. We thus overrule Moreno's first point of error.

## IV.    FAILURE TO PLEAD A CAUSE OF ACTION

By his second issue, Moreno asserts that the trial court erred when it ruled that Moreno failed to plead a cause of action against Baltazar in his petition in intervention. As related issues, he also claims his claims of reimbursement and unjust enrichment were tried by consent, and that Baltazar should have filed special exceptions which would have apprised Moreno of any alleged pleading defect. We address each point in turn.

8

## A.    Failure to Plead a Cause of Action

In his petition for intervention, Moreno asserted the following in his prayer as to Baltazar:

> AS TO CESAR BALTAZAR, Individually and d/b/a/ NAYTEX BUILDERS and SOUTH TEXAS PROPERTIES: [Moreno] would request he be given full credit for all monies expended in the purchase of the referenced property and once he is awarded the referenced property, would like to continue paying for the house and thus complete his purchase agreement.
>
> In the alternative, should CESAR BALTAZAR, Individually and d/b/a/ NAYTEX BUILDERS and SOUTH TEXAS PROPERTIES not want to finalize the sale/purchase agreement, then [Moreno] would ask that all monies he paid to CESAR BALTAZAR, Individually and d/b/a/ NAYTEX BUILDERS and SOUTH TEXAS PROPERTIES be immediately returned to him.
>
> IN GENERAL: [Moreno] prays for general relief.

In its final judgment, the trial court concluded that "Intervenor [Moreno] did not assert any cause of action against Defendant [Baltazar]."

"A pleading must give fair notice not just of alleged facts, but 'of the claim and the relief sought such that the opposing party can prepare a defense,' and 'ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant.'" *Montelongo v. Abrea*, 622 S.W.3d 290, 300 (Tex. 2021); *see Wortham v. Dow Chem. Co.*, 179 S.W.3d 189, 196 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "Construing a general prayer for relief as subsuming *any* equitable or legal doctrine simply by including those terms in the prayer, would not serve the purpose of our pleading rules." *Wortham*, 179 S.W.3d at 196 (emphasis in original); *see Tex. Indus., Inc. v. Vaughan*, 919 S.W.2d 798, 803 (Tex. App.—Houston [14th] 1996, writ denied) (rejecting argument that general prayer for "such other relief . . . to which plaintiff may be entitled"

9

adequately apprised party that plaintiff was seeking mental anguish damages).

Here, Moreno relies on his prayer, rather than the substance of his pleadings, to assert claims of reimbursement and unjust enrichment. "Our rules require pleadings to provide not just fair notice of factual allegations, but a 'short statement of the *cause of action* sufficient to give fair notice of the *claim* involved.'" *Montelongo*, 622 S.W.3d at 300 (emphasis in original); *Wortham*, 179 S.W.3d at 196. Because neither Moreno's petition nor prayer specifically reference either of those legal claims or their elements, stipulate the amount which Moreno was seeking in reimbursement, or explain how Baltazar was unjustly enriched, we hold the trial court did not err in concluding that Moreno's pleadings failed to state a cause of action.

## B. Trial By Consent

Having determined the trial court did not err in finding that Moreno failed to plead any causes of action, we turn to his argument that these claims were instead tried by consent during the bench trial.

### 1. Applicable Law

Texas Rule of Civil Procedure 67 provides as follows:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of questions, as is provided in Rules 277 and 279.

10

TEX. R. CIV. P. 67. Trial by consent is intended to cover the exceptional case where it clearly appears from the record that the parties tried the unpleaded issue. *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 854–55 (Tex. App.—Dallas 2005, pet. denied); *Mastin v. Mastin,* 70 S.W.3d 148, 154 (Tex. App.—San Antonio 2001, no pet.). It is not intended to establish a general rule of practice and should be applied with care, and never in a doubtful situation. *Id.* Trial by implied consent "applies only where it appears from the record that the issue was actually tried, although not pleaded." *Johnston v. McKinney Am., Inc.,* 9 S.W.3d 271, 281 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Whether an issue is tried by consent is a legal conclusion by the trial court applying rule of civil procedure 67 and the cases interpreting it to the record of the proceedings as a whole. *See Whatley v. City of Dallas,* 758 S.W.2d 301, 306 (Tex. App.—Dallas 1988, writ denied); *see also State Bar of Tex. v. Kilpatrick,* 874 S.W.2d 656, 657–58 (Tex. 1994) (per curiam). To determine whether an unpleaded issue was tried by consent, the trial court examines the record not for evidence of the issue, but rather for evidence of trial of the issue. *Mastin*, 70 S.W.3d at 154. The trial court has broad discretion in determining whether an unpleaded issue was tried by implied consent. *See Whatley*, 758 S.W.2d at 306. Although that discretion is to be exercised liberally in favor of justice, trial by implied consent is the exception, not the rule, and should not be allowed in doubtful cases. *Id.*

In a bench trial, an objection on the record can preclude trial by consent in certain circumstances. *See Mastin*, 70 S.W.3d at 154; *see also Vaughan*, 919 S.W.2d at 803 (holding that formal objections preclude trial by consent in a jury trial).

11

### 2. Analysis

When Baltazar's counsel moved for a directed verdict against Moreno, counsel asserted the following:

> Well, first of all, the petition, itself, sets out some facts. But they never allege a cause of action against our client. There's no breach of contract, no misrepresentation, no fraud, zero causes of action against our client. What they do is original in the prayer. They ask two things, and this alternatively. Number one, let us go—allow us to proceed with the sale. Well, I'll just it says, okay, prayer. But no cause of action that would justify their request in the prayer. So, just based on that, they should have no judgment. Because, Judge, it's like somebody just comes, Judge, I want you to give me this. Well, what's the basis for that? What did you plead? Nothing.
>
> Now I expect maybe [counsel for Moreno] saying we don't want the property, we just want reimbursement. And if that's the case, then the proper question should be on what basis did you intervene in this case and ple[a]d that? What cause of action are you seeking that would justify the Court awarding you those sorts of damages or returning that money? What cause of action? Did you give [Baltazar], the Defendants, fair notice as is required by the Texas Rules of Civil Procedure regarding a claim so that they can be properly developed? Because you can put all you want in a prayer, requesting the Court to award title to the bank building. But if there's no facts or cause of action that would justify them receiving that, then it should be denied summarily, Judge.

Objections can preclude trial by consent. *See Mastin*, 70 S.W.3d at 154; *see also Vaughan*, 919 S.W.2d at 803 (citing TEX. R. CIV. P. 67). Here, Baltazar plainly asserted objections to Moreno's pleadings during the bench trial. Moreno, as the intervenor, failed to use these opportunities to make a trial amendment under rule of civil procedure 67 before the judge took the case into consideration. *See* TEX. R. CIV. P. 67. In light of Baltazar's objections which should have apprised Moreno of his pleading defects, we hold that Moreno's alleged claims of reimbursement and unjust enrichment were not tried by consent.

12

**C.      Special Exceptions Filed**

Lastly, Moreno argues that Baltazar should have filed special exceptions to Moreno's intervening petition if he believed that no cause of action was pled.

**1.      Applicable Law**

A party must complain of a pleading "defect, omission or fault . . . either of form or of substance" by special exception. *See* TEX. R. CIV. P. 90. The purpose of a special exception is to compel clarification of pleadings when the pleadings are not clear or sufficiently specific or fail to plead a cause of action. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007); *Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex. 1998).

"When a plaintiff's petition omits an element of a cause of action or fails to state it with sufficient clarity to inform the defendant of the nature of the suit, a defendant must specially except to the plaintiff's pleadings." *The Huff Energy Fund, L.P. v. Longview Energy Co.*, 482 S.W.3d 184, 198 (Tex. App.—San Antonio 2015), *aff'd sub nom. Longview Energy Co. v. Huff Energy Fund LP*, 533 S.W.3d 866 (Tex. 2017) (citing *Crabtree v. Ray Richey & Co.,* 682 S.W.2d 727, 728 (Tex. App.—Fort Worth 1985, no writ)). If, however, a plaintiff pleads none of the elements of a viable cause of action, the defendant is not obligated to file special exceptions that would suggest to the plaintiff possible causes of action against the defendant. *See id*.

**2.      Analysis**

Here, Moreno's petition set forth the following facts: "[Moreno] has continued to make, in essence, mortgage and property tax payments to [Baltazar] in fulfillment of their sale/purchase agreement." His prayer requested that "he be given full credit for all monies

13

expended in the purchase of the referenced property and once he is awarded the referenced property, would like to continue paying for the house and thus complete his purchase agreement." He also prayed that "all monies he paid . . . be immediately returned to him" if Baltazar did not want to sell.

Moreno's pleadings failed to state any elements of either a reimbursement or unjust enrichment cause of action. *See Montelongo*, 622 S.W.3d at 300 ("Our rules require pleadings to provide not just fair notice of factual allegations, but a 'short statement of the *cause of action* sufficient to give fair notice of the *claim* involved.'") (emphasis in original). Because we conclude that these claims could not be reasonably inferred from what was specifically stated in Moreno's prayer, Baltazar was not required to file special exceptions that would suggest to Moreno all possible causes of action that could be filed against it. *See The Huff Energy Fund, L.P.*, 482 S.W.3d at 198.

**D.    Conclusion**

We overrule Moreno's second issue, as we conclude that the trial court did not abuse its discretion when it held that: (1) Moreno failed to state a claim in his intervening petition, (2) that his alleged claims of reimbursement and unjust enrichment were not tried by consent, and that (3) defendants did not have to file special exceptions.

**V.    DENIAL OF RULE 270 MOTION TO RE-OPEN EVIDENCE**

By his fourth issue, Moreno asserts that the trial court erred when it implicitly denied his motion to re-open evidence under Texas Rule of Civil Procedure 270 after the parties had rested.

14

**A.  Applicable Law & Standard of Review**

Texas Rule of Civil Procedure sets forth that "when it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." TEX. R. CIV. P. 270. More specifically, this rule provides that "a trial court may permit additional evidence to be offered at any time when it clearly appears necessary to the administration of justice." *Hernandez v. Lautensack*, 201 S.W.3d 771, 778–79 (Tex. App.—Fort Worth 2006, pet. denied).

Rule 270 allows, but does not require, the court to permit additional evidence. *Lopez v. Lopez,* 55 S.W.3d 194, 201 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). In determining whether to grant a motion to reopen, the trial court considers whether: (1) the moving party showed due diligence in obtaining the evidence, (2) the proffered evidence is decisive, (3) reception of such evidence will cause undue delay, and (4) granting the motion will cause an injustice. *Word of Faith World Outreach Ctr. Church v. Oechsner*, 669 S.W.2d 364, 366–67 (Tex. App.—Dallas 1984, no writ). "It is well established that in considering appeals based on rule 270 that the question of re-opening a case for the purpose of admitting additional evidence is within the sound discretion of the trial judge, and his action refusing to permit a party to reopen for such purpose should not be disturbed by an appellate court unless it clearly appears that such discretion has been abused." *Id*.

**B.  Analysis**

After the bench trial concluded, Moreno filed a motion to re-open the case for two

15

reasons. First, he submitted an affidavit from a potential witness, Longoria. In his affidavit, Longoria testified that he had met with Junior and Moreno at his Texas Regional Bank office in Edinburg, Texas in October of 2016. Longoria acknowledged seeing a document, identified as Intervenor's Exhibit 1, which set forth that Moreno made additional payments toward the purchase of the home at issue. Moreno also submitted a personal affidavit in his motion to re-open. In this affidavit, Moreno testified that Rolando Ruiz, a Mexican national, would testify that he witnessed Moreno give Junior checks on two occasions— one check was for $10,000 and the other was for $5,000. Ruiz would also testify that Junior acknowledged the house was nearly paid for.

We review the factors outlined in *Word of Faith* to determine whether the trial court abused its discretion in denying Moreno's motion to re-open the case. *See id*. First, although he had nearly a year to do so, Moreno did not demonstrate due diligence in attempting to locate either Longoria or Ruiz for trial. The record shows that Tijerina filed her initial petition on June 17, 2016. Moreno then filed his petition in intervention on August 15, 2017, and the trial occurred over a year later in June of 2018. Thus, Moreno had ten months to disclose these potential witnesses during discovery. *Id.* Moreover, there is no explanation in his motion regarding his failed attempts to locate them. *See Lopez*, 55 S.W.3d at 201 ("a trial court does not abuse its discretion by refusing to reopen a case after evidence is closed if the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion").

Second, we hold that the proffered evidence would not be decisive. *See Word of Faith*, 669 S.W.2d at 367. We previously concluded that the trial court did not err in holding

that Moreno failed to state a claim in his pleadings or try his claims by implied consent. Thus, this evidence would not affect a claim as none existed. Furthermore, even assuming Moreno did assert a legal claim, both Longoria and Ruiz's testimony would be cumulative of what Moreno had already testified to and of Intervenor's Exhibit 1—that he continued paying on the home. *See id*. (holding that Texas courts have found trial courts do not abuse their discretion in denying rule 270 motions when evidence would be "immaterial or cumulative.").

Lastly, "the reception of this evidence would cause undue delay" and "injustice" because neither Longoria or Ruiz were disclosed as witnesses by Moreno during the discovery process. *See id*. Accordingly, neither Tijerina nor Baltazar had the opportunity to depose or investigate their proposed testimony. Considering the foregoing analysis, we conclude the trial court did not abuse its discretion in failing to grant Moreno's motion to re-open the case. *See id*. We overrule this issue.

## VI. DENIAL OF MOTION FOR NEW TRIAL

In his final issue on appeal, Moreno contends the trial court erred when it failed to grant his motion for new trial because of his new evidence regarding Longoria and Ruiz.

## A. Standard of Review & Applicable Law

A party seeking a new trial on the ground of newly discovered evidence must show that: (1) new evidence has come to his knowledge since the trial; (2) it was not owing to the want of due diligence that it did not come sooner; (3) it is not cumulative; and (4) the evidence is so material that it would probably produce a different result if a new trial were granted. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled on*

*other grounds by Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003); *see also Lopez*, 55 S.W.3d at 202. The trial court has wide discretion in ruling on a motion for new trial, and its action will not be disturbed on appeal absent a showing of an abuse of discretion. *In re Bayerische Motoren Werke,* 8 S.W.3d 326, 327 (Tex. 2000); *Lopez,* 55 S.W.3d at 202.

## B.      Analysis

The elements for a motion for new trial based on new evidence are similar to elements for a motion to re-open the case under Texas Rule of Civil Procedure 270. *Compare Word of Faith*, 669 S.W.2d at 366–67, *with Jackson*, 660 S.W.2d at 809. Because we previously discussed the first three elements (that new evidence had come to knowledge after trial, whether Moreno used due diligence, and whether the evidence at issue was cumulative) earlier in our opinion, we need not repeat that analysis. We previously held that Moreno failed to meet those elements before and conclude the same here. Regarding the last element, whether the evidence "is so material that it would probably produce a different result if a new trial were granted," we determine it would not. *See Jackson*, 660 S.W.2d at 809. No new evidence can change the fact that Moreno failed to plead a cause of action in his intervening petition. We overrule this issue.

### VII.      CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
22nd day of July, 2021.