

# NUMBER 13-23-00413-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

FOOTY ROOTY DEVELOPMENT, INC.,
FR STANDARDS, LLC, FR SARATOGA CC, LLC,
AND XU LIU,                                                          Appellants,

v.

JANE DOE (M.D.),                                                     Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Cron**

**Memorandum Opinion by Justice Peña**

Appellants Footy Rooty Development, Inc., FR Standards, LLC, FR Saratoga CC, LLC, and Xu Liu appeal a default judgment rendered against them in a case involving an employee's sexual assault of appellee "Jane Doe (M.D.)" (Doe). Appellants contend by

two issues that: (1) the evidence was legally and factually insufficient to support the award of $3,000,000 in actual damages; and (2) the trial court abused its discretion by awarding attorney's fees without legally and factually sufficient evidence that the fees awarded were reasonable and because the fees were not properly segregated. We affirm in part and we reverse and remand in part.

## I. BACKGROUND

According to the pleadings, appellants own and operate numerous massage establishments and massage therapy schools. Doe filed suit against appellants and others[1] alleging that she visited one of their massage establishments in Corpus Christi, Texas, for the purpose of receiving a massage; however, once there, an unlicensed employee "had unwanted sexual contact with" her. Doe alleged that appellants violated Texas regulations governing massage establishments; committed negligence, negligence per se, gross negligence, and deceptive trade practices; were negligent in hiring, supervising, and training employees; and were liable based on premises liability. Doe alleged various theories in support of her allegations including respondeat superior, agency, piercing the corporate veil, aiding and abetting, and conspiracy.

Doe repeatedly attempted to serve appellants with her original petition; however, her attempts were unsuccessful. Doe ultimately filed a motion for substituted service. The trial court signed an order granting that motion. After securing service on appellants, Doe filed a motion for default judgment against appellants and a motion to sever the defendants who had not yet been served with citation from the lawsuit.

---

[1] Doe also filed suit against Sheng Yang, the employee who allegedly committed the sexual assault, Sheng Yang's wife, who is also employed by the defendants, and Xiaodon Zhang, the president of one of the defendant companies. These defendants were severed from the underlying lawsuit and are not parties to this appeal.

The trial court conducted a hearing on Doe's motion for default judgment. At the hearing, Doe's counsel presented the motion for severance to the trial court, and the trial court granted that motion. Counsel then presented his motion for default judgment against appellants. Counsel explained that Doe went to one of appellants' establishments for a massage, and approximately forty minutes into the massage, the unlicensed masseur "had his clothes off and . . . inserted his penis into [Doe's] vagina." Doe had prepared an affidavit regarding the incident and her injuries, and counsel requested the trial court to conduct an in-camera review of that affidavit. The trial court granted Doe's motion.

Doe's affidavit stated that on May 28, 2020, she went to one of the appellants' establishments in Corpus Christi, Texas, to get a full body massage, and the masseur, Sheng Yang, "open[ed her] legs" and "penetrate[d]" her. Doe testified that she was "frozen, shocked, scared to scream, fearful that [appellants] would hold me hostage, or worse." After the masseur left the room, Doe attempted to inform other personnel at the establishment regarding what had occurred, but a language barrier prevented her from communicating with the other employees. Doe left the establishment and began driving away but stopped by the side of the road, called the police, reported the alleged attack, and underwent a sexual assault victim evaluation at Corpus Christi Medical Center. Doe further testified that:

> Since this occurred[,] I could no longer live by myself and had to give up my place in Victoria, Texas. I was so terrified to be alone. My ability to work was affected. I went from earning $25.00 per hour to nothing as I couldn't go back to work. I felt ashamed, dirty[,] and scared to be around people. I am still so scared to be left alone. I moved back home and started counseling at the Purple Door for over a year. I would attend weekly sessions until they no longer had funds. This experience has destroyed my life, I am scared to be around men and have not been able to have a relationship. I have wanted to go back but it is difficult for me to speak with another man about

3

my emotions because of my fears. Sometimes I just start shaking and my voice immediately starts cracking.

After the assault, it took me about two years to get back to work. I survived as my mother helped me financially [be]cause I mentally and emotionally could not support myself during this time as I was basically in treatment. I went from being able to hold a job I enjoy without feeling like I have to look over my shoulder to feeling isolated and staying to myself today while working. I used to be a field clerk and work outside with both men and women and at times in the office earning about $26.00 per hour. Today, I work as a fire watch as I pretty much am alone and now earn only $23.00 per hour. This horrible incident makes me feel as if I am nothing, not worthy.

It has been over three (3) years and I am still horrified and nervous around crowds of people and especially being around men. I have lost my ability to be around people, my emotional and mental state has been affected causing me difficulty to even sleep at night. I can't be alone at home or even driving at night. There is no way to put a price to what I have lost. It is a daily struggle living with my fears.

The trial court reviewed Doe's affidavit, and counsel provided the trial court with a copy of the affidavit for filing under seal. Counsel explained that his client "experienced a serious traumatic event," that she was 45 or 46 years old, and that "she has to live with this issue the rest of her life." Counsel requested the trial court to award Doe $500,000 for her past damages and $2,500,000 for her future damages. Counsel argued that Doe's reasonable and necessary attorney's fees to date were $12,000, an unsuccessful appeal to the court of appeals would be $20,000, and an unsuccessful appeal to the Texas Supreme Court would be $30,000.

The trial court granted Doe's motion for default judgment. The default judgment states that Doe appeared through her attorney and "has filed an affidavit in this matter supporting the damages she seeks." The judgment states that, "After considering the pleadings, the papers on file with this case and the evidence [Doe] presented on liability, damages[,] and attorney's fees," the trial court grants Doe's motion for default judgment.

4

The judgment awards Doe "Actual Damages" of $3,000,000, consisting of past damages in the amount of $500,000 and future damages in the amount of $2,500,000. The trial court also awarded Doe prejudgment and postjudgment interest, costs of court, attorney's fees of $20,000, and conditional appellate attorney's fees.

Appellants thereafter filed a motion for new trial on grounds alleging that: (1) they were not properly served with notice of suit; (2) their failure to file an answer was accidental, they possessed a meritorious defense, and a new trial would not cause Doe any delay or injury; and (3) there was insufficient evidence to support the unliquidated damages awarded in the default judgment. Appellants specifically asserted that the motion for default judgment referenced Doe's affidavit "but did not attach the affidavit to the motion itself." Doe filed a response in opposition to appellants' motion for new trial.

The trial court held an evidentiary hearing on appellants' motion. Most of the hearing concerned whether appellants had been properly served with process; however, after Doe's counsel introduced photographs showing that substituted service had been properly effectuated and Xu Liu testified, appellants' counsel abandoned that argument. At the conclusion of the hearing, appellants' counsel objected to the sufficiency of the evidence to support the claims for damages and attorney's fees. This appeal followed.[2]

## II. DAMAGES

In their first issue, appellants contend that the evidence is legally and factually insufficient to support the award of past damages in the amount of $500,000 and future damages in the amount of $2,500,000. Appellants assert that "[t]he evidence presented

---

[2] During the pendency of the appeal, we abated and remanded this case for the purposes of mediation; however, mediation was not successful. Accordingly, we reinstate the appeal and we address the merits.

to the trial court is insufficient to support the award of $3,000,000, regardless of whether the actual damages are attributed to economic damages in the form of medical expenses, loss of earning capacity, mental anguish, or pain and suffering."

## A.     Default Judgment

When a no-answer default judgment has been rendered, as here, the non-answering party "is said to have admitted both the truth of facts set out in the petition and the defendant's liability on any cause of action properly alleged by those facts." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *see Estrada v. Boss Exotics, LLC*, 703 S.W.3d 454, 459 (Tex. App.—Dallas 2024, no pet.); *Roman v. Ramirez*, 573 S.W.3d 341, 350 (Tex. App.—El Paso 2019, pet. denied). The defendant's default thus establishes liability and leaves open only the question of unliquidated damages. *Paradigm Oil, Inc.*, 372 S.W.3d at 183; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992).

Damages are unliquidated when they cannot be accurately calculated from the factual allegations in the petition or proven by any written instruments in the record. *Estrada*, 703 S.W.3d at 460; *Chambers v. Starr*, 626 S.W.3d 57, 63 (Tex. App.—El Paso 2021, no pet.). When damages are unliquidated, the trial court must hear evidence as to damages. *See* TEX. R. CIV. P. 243; *Estrada*, 703 S.W.3d at 460. Such evidence may be presented in the form of an affidavit. *Estrada*, 703 S.W.3d at 460; *Chambers*, 626 S.W.3d at 63; *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 810 (Tex. App.—Waco 2007, no pet.).

A defendant may challenge the legal and factual sufficiency of the evidence regarding unliquidated damages on appeal from a no-answer default judgment. *Estrada*,

703 S.W.3d at 460. If the plaintiff fails to present legally sufficient evidence at an uncontested hearing on unliquidated damages following a no-answer default judgment, the proper disposition is to remand for a new trial on the issue of damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009); *Holt Atherton Indus., Inc.*, 835 S.W.2d at 86.

**B.      Legal Sufficiency and Factual Sufficiency**

"We review legal sufficiency challenges to a jury's verdict by considering whether the evidence at trial, viewed in a light favorable to the verdict, 'would enable reasonable and fair-minded people to reach the verdict under review.'" *Am. Honda Motor Co. v. Milburn*, 696 S.W.3d 612, 627 (Tex. 2024) (quoting *Pediatrics Cool Care v. Thompson*, 649 S.W.3d 152, 161 (Tex. 2022) (citations omitted)); *see Albert v. Fort Worth & W. R.R. Co.*, 690 S.W.3d 92, 97 (Tex. 2024) (per curiam). Evidence is legally sufficient when there is more than a mere scintilla supporting a finding of fact. *Mehta v. Mehta*, 716 S.W.3d 126, 131 (Tex. 2025). Evidence is not legally sufficient

> only if there is a complete absence of evidence proving a vital fact, the rules of law or evidence bar the court from weighing the only evidence proving a vital fact, the evidence offered to prove a vital fact is no more than a mere scintilla, or the evidence conclusively disproves the existence of a vital fact.

*Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 885 (Tex. 2024) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 810 (Tex. 2005)). When reviewing a legal-sufficiency challenge, we view all evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable juror could do so and disregarding contrary evidence unless a reasonable juror could not, and we indulge every reasonable inference that the evidence supports. *Albert*, 690 S.W.3d at 97.

7

When a party challenges the factual sufficiency of a finding for which the party did not have the burden of proof at trial, we review all the evidence in a neutral light and will reverse the trial court's judgment only if the evidence supporting the finding is so contrary to the overwhelming weight of the evidence as to make the judgment clearly wrong and manifestly unjust. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998); *Garza v. Escamilla*, 712 S.W.3d 718, 725 (Tex. App.—Houston [14th Dist.] 2025, no pet.). Stated differently, the party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam); *Lario Oil & Gas Co. v. Black Hawk Energy Servs., Ltd.*, 690 S.W.3d 404, 415 (Tex. App.—Eastland 2024, no pet.). We do not determine the credibility of witnesses or substitute our judgment for that of the factfinder even if the evidence would clearly support a different result. *Mar. Overseas Corp.*, 971 S.W.2d at 407; *Garza*, 712 S.W.3d at 725.

## C.    Analysis

In her original petition, Doe alleged that appellants' employee Sheng Yang committed "improper and unwanted sexual contact" with her on appellants' premises. Doe further alleged that appellants were negligent and negligent per se under Texas regulations governing massage establishments, that appellants violated the Texas Deceptive Trade Practices Act, and that appellants were grossly negligent. By their default, appellants "have admitted both the truth of facts set out in [Doe's] petition" and their liability on these causes of action as properly alleged. *See Paradigm Oil, Inc.*, 372 S.W.3d at 183; *Estrada*, 703 S.W.3d at 459; *Roman*, 573 S.W.3d at 350. Accordingly, our analysis herein is limited to the award of damages.

8

In her original petition, Doe sought damages for past and future medical care and expenses, past and future mental anguish, attorney's fees, costs, prejudgment and postjudgment interest, exemplary damages, and "all other relief, both in law and equity to which [Doe] may show herself to be justly entitled." The trial court's default judgment awarded "Actual Damages" but did not specify the category or categories of damages awarded. We note that the default judgment did not include damages for gross negligence, even though gross negligence was admitted by virtue of default. *See Paradigm Oil, Inc.*, 372 S.W.3d at 183; *see also Borg-Warner Protective Servs. Corp. v. Flores*, 955 S.W.2d 861, 869 (Tex. App.—Corpus Christi–Edinburg 1997, no pet.) (affirming an award of $2,225,000 in exemplary damages for a supervisor's sexual assault of an employee).

Appellants did not object to the global nature of the damage award and did not request findings of fact or conclusions of law. *See K-Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243, 246–47 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (providing that, in the absence of findings of fact and conclusions of law, we presume that the trial court made all necessary findings to support the judgment and that it disregarded all incompetent evidence in determining the award of damages). When the trial court awards a global sum of damages rather than itemizing specific damage awards, as here, it is not possible to determine what portion of the damages were allocated to each ground of recovery claimed by the plaintiff; therefore, we examine the record to see if the evidence offered to prove any of the various grounds supports the amount of damages awarded. *See Dawson v. Briggs*, 107 S.W.3d 739, 749 (Tex. App.—Fort Worth 2003, no pet.); *Pentes Design, Inc. v. Perez*, 840 S.W.2d 75, 80 (Tex. App.—Corpus Christi–

9

Edinburg 1992, writ denied); *see also Garza v. Villa Garza*, No. 13-19-00220-CV, 2020 WL 3478908, at *3 (Tex. App.—Corpus Christi–Edinburg June 25, 2020, no pet.) (mem. op.).

"[A]n appellant who seeks to challenge a multi-element damage award on appeal must address each element and show the evidence is insufficient to support the entire award." *Ibrahim v. Young*, 253 S.W.3d 790, 805 n.16 (Tex. App.—Eastland 2008, pet. denied); *see SunBridge Healthcare Corp. v. Penny*, 160 S.W.3d 230, 248 (Tex. App.—Texarkana 2005, no pet.); *see also Garza*, 2020 WL 3478908, at *3. Appellants do so here. We thus review the pleadings and the record regarding the damages awarded in the default judgment.

Appellants contend that Doe did not produce evidence regarding her past and future medical care and expenses. We agree with appellants that the trial court's award of damages could not include any sums for past or future medical care and expenses because Doe did not produce any evidence regarding those special damages. *See In re Chefs' Produce of Hous., Inc.*, 667 S.W.3d 297, 301 (Tex. 2023) (orig. proceeding) (per curiam) (providing that a recovery of medical expenses is predicated on expert testimony or an uncontroverted affidavit complying with the civil practice and remedies code); *Gunn v. McCoy*, 554 S.W.3d 645, 670–71 (Tex. 2018) (discussing the requirement for a recovery of future medical expenses to be supported by evidence establishing that in all reasonable probability future medical care will be required and the reasonable cost of that care).

Appellants further assert that Doe's pleadings do not support a claim for lost wages or loss of earning capacity and, in any event, her affidavit fails to support an award for loss of earning capacity or wages to "any degree of certainty." We further agree with

appellants that the award of damages could not include any sums for lost wages or loss of earning capacity. Liberally construed, Doe's original petition did not give fair notice that she was seeking to recover these damages. *See* TEX. R. CIV. P. 47(a); *Mintvest Cap., Ltd. v. Coinmint, LLC*, 693 S.W.3d 834, 841–42 (Tex. App.—Houston [14th Dist.] 2024, no pet.); *see also Tex. Indus., Inc. v. Vaughan*, 919 S.W.2d 798, 803 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (concluding that a general prayer for relief did not give fair notice that plaintiff was seeking mental anguish damages).

We turn our attention to Doe's request for damages sustained for mental anguish. Appellants assert that Doe's affidavit does not establish "a high degree of mental pain and distress that is greater than mere worry, anxiety, vexation, embarrassment, or anger." To recover damages for mental anguish, a plaintiff must produce "direct evidence of the nature, duration, and severity of [her] mental anguish" which establishes "a substantial disruption in [her] daily routine." *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995); *see In re Richardson Motorsports, Ltd.*, 690 S.W.3d 42, 50 (Tex. 2024) (orig. proceeding); *Garza*, 712 S.W.3d at 725; *see also Gregory v. Chohan*, 670 S.W.3d 546, 554 (Tex. 2023) (plurality op.). We examine the record to determine whether it "reveals any evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger to support any award of damages." *Parkway Co.*, 901 S.W.2d at 444 (citation modified); *see Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 595 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("Mental anguish includes the mental sensation of pain resulting from such emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, and public humiliation."). To recover damages for future mental anguish, the plaintiff must further demonstrate a

reasonable probability that compensable mental anguish will persist. *Anderson v. Durant*, 550 S.W.3d 605, 619 (Tex. 2018). The plaintiff must produce some evidence to support or justify the amount awarded. *Gregory*, 670 S.W.3d at 563–64 (citing *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996)); *see Garza*, 712 S.W.3d at 725. Proof of mental anguish can be provided by a plaintiff's own testimony. *In re Richardson Motorsports, Ltd.*, 690 S.W.3d at 50. Further, "historically, some types of disturbing or shocking injuries have been found sufficient to support an inference that the injury was accompanied by mental anguish." *Parkway Co.*, 901 S.W.2d at 445.

Here, the uncontroverted evidence establishes that Doe was sexually assaulted as an invitee at appellants' establishment. This is a disturbing and shocking injury that is sufficient to support an inference that she sustained mental anguish. *See id.*; *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 797 (Tex. 2006). Moreover, according to the record, Doe testified that after the assault, she "could no longer live by [herself]," she "had to give up [her] place in Victoria, Texas," and she moved back home. Doe testified that she was "terrified to be alone," and she "felt ashamed, dirty[,] and scared to be around people." Doe underwent weekly counseling because of the incident "for over a year," and stopped when the facility "no longer had funds." Doe further stated that she had "wanted to go back [to counseling] but it is difficult for [her] to speak with another man about [her] emotions because of [her] fears." Doe explained that she "couldn't go back to work" for a period of approximately two years after the accident, and that she "survived as [her] mother helped [her] financially [be]cause [she] mentally and emotionally could not support [herself] during this time as [she] was basically in treatment." Doe further testified that the nature of her employment changed because of the assault. Doe "used to be a field clerk

and work outside with both men and women and at times in the office," which was a job she enjoyed, whereas now, she works as a "fire watch," and is "pretty much . . . alone" and "isolated."

Doe testified that after the sexual assault, which had occurred more than three years previously, she is still "scared to be left alone," "scared to be around men and [has] not been able to have a relationship," and is "horrified and nervous around crowds of people and especially being around men." Doe explained that her emotional and mental state remain affected by the sexual assault, she has difficulty sleeping and cannot be alone at home or drive at night, and she occasionally starts shaking and her voice "starts cracking." Doe expressly stated that the sexual assault "destroyed my life" and "makes me feel as if I am nothing, not worthy." According to Doe, "There is no way to put a price to what I have lost. It is a daily struggle living with my fears."

Doe's testimony constituted direct evidence that she suffered a high degree of mental pain and distress that was more than mere worry, anxiety, vexation, embarrassment, or anger and that there was a reasonable probability that her mental anguish would persist in the future. *See Parkway Co.*, 901 S.W.2d at 444; *Katy Springs & Mfg., Inc.*, 476 S.W.3d at 595. Doe testified about the nature, duration, and severity of her mental anguish, and her testimony established that her anguish caused substantial disruptions in her daily life. *See In re Richardson Motorsports, Ltd.*, 690 S.W.3d at 50; *Parkway Co.*, 901 S.W.2d at 444; *Garza*, 712 S.W.3d at 725. We conclude this direct evidence is legally sufficient to support the existence of Doe's past and future mental anguish. *See Milburn*, 696 S.W.3d at, 627; *Albert*, 690 S.W.3d at 97; *Mehta*, 716 S.W.3d at 131, Further, the evidence supporting the finding that Doe suffered past and future

13

mental anguish is not so weak or contrary to the overwhelming weight of all the evidence that the finding should be set aside; thus, there is factually sufficient evidence that Doe suffered and will continue to suffer compensable mental anguish because of appellants' actions. *See Mar. Overseas Corp.*, 971 S.W.2d at 406–07.

We examine the amount of damages awarded. In this regard, appellants contend that Doe's "affidavit is insufficient to support the trial court's excessive award of $3,000,000." Excessiveness of a damages award is a factual sufficiency inquiry. *Anderson*, 550 S.W.3d at 620; *Team Indus. Servs., Inc. v. Most*, 711 S.W.3d 31, 57 (Tex. App.—Houston [1st Dist.] 2024, no pet.). Although the impossibility of any exact valuation requires that the factfinder be given a measure of discretion in finding damages, that discretion is limited. *Saenz*, 925 S.W.2d at 614. While the jury has latitude in determining the award, it must award an amount that a reasonable person could possibly estimate as fair compensation. *Anderson*, 550 S.W.3d at 618. In other words, the amount awarded must not be the result of irrelevant considerations such as passion or prejudice or based on impermissible appeals to other irrelevant considerations. *See Gregory*, 670 S.W.3d at 563, 576 (Bland, J., concurring in part); *Parkway Co.*, 901 S.W.2d at 444, 572–73 (Devine, J., concurring); *Team Indus. Servs., Inc.*, 711 S.W.3d at 57.

Here, the trial court awarded Doe $500,000 in past damages and $2,500,000 in future damages. While Doe presented legally and factually sufficient evidence to establish the existence of compensable mental anguish, we must conclude the damage award itself is not "grounded in the evidence" and, rather, the record lacks evidence to justify the amount awarded. *See Gregory*, 670 S.W.3d at 550, 551. In short, the only evidence before the trial court was Doe's affidavit, and Doe's affidavit does not address the amount

14

of her damages or suggest or provide an amount that would fairly and reasonably compensate her for her injuries. *See Gregory*, 670 S.W.3d at 557; *Saenz*, 925 S.W.3d at 614. Based on the record, the trial court awarded $3,000,000 based on counsel's argument alone, and the record fails to include any rationale for this number. *See Bentley v. Bunton*, 94 S.W.3d 561, 606 (Tex. 2002) ("Juries cannot simply pick a number and put it in the blank."). Accordingly, we sustain appellants' contention regarding the sufficiency of the evidence to support the award of $3,000,000.

## D.      Summary

Based on the foregoing, we reject appellants' assertion that Doe's alleged injuries are not supported by legally and factually sufficient evidence; however, we agree with their assertion that the specific amount of the damages awarded was not supported by the evidence presented to the trial court. Accordingly, we sustain in part and overrule in part appellants' first issue regarding the sufficiency of the evidence to support the damages awarded in the default judgment.

We next consider the appropriate remedy. The evidence supports an award of damages but does not establish the amount. Thus, rather than suggesting a remittitur, we remand for a new trial on damages. *See Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 582 (Tex. 2012); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 123–24 (Tex. 2009); *Guevara v. Ferrer*, 247 S.W.3d 662, 670 (Tex. 2007).

### III.      ATTORNEY'S FEES

In their second issue, appellants assert that the trial court abused its discretion by awarding attorney's fees without legally and factually sufficient evidence that the fees awarded were reasonable and because Doe's claims were not properly segregated. The

record indicates that Doe submitted proof of her attorney's fees through the affidavit of her attorney, which was presented in support of her motion for default judgment. By affidavit, Doe's counsel averred in relevant part:

> I am an attorney and have been licensed as an attorney in Texas since 1983. I have tried cases in Texas, handled numerous appeals in Texas State Courts as well as federal court.
>
> I am also admitted to the Southern, Eastern, Western[,] and Northern Unite[d] States District Courts of Texas and the District of Columbia. I have personal knowledge of the attorney fees that are charged in Texas and that are reasonable and necessary.
>
> I have been the attorney in charge for Jane Doe (M.D.) ("Plaintiff") Cause No. 2022CCV-60597-4. I have met with the client on several occasions as well as have had our Paralegal, Anna Thomas, have communications with Plaintiff. It became necessary to obtain a police report from the Corpus Christi Police Department to obtain information as to the potential and actual Defendants in this case. I have thoroughly reviewed that. In addition, it was necessary to search records in Texas to determine if any lawsuits had been filed for similar issues arising in the operation of the Footy Rooty massage franchise as well as other companies set up of [XU] LIU, to prepare a pipeline of masseuses to become licensed and eventually "obtain" a license to become a masseuse and eventually hired by Footy Rooty to work in its franchise stores. In fact, during the process, I located a [lawsuit] filed by the Federation of State Massage Boards in Docket No. 4:22-cv-00160, in which it was alleged that Xu Liu, Footy Rooty Development, Inc., FR Standards, LLC, and others were establishing a "network" of purported massage training schools that are mere fronts for an organized cheating ring.
>
> Xu Liu is listed [as] the registered agent for service for most of the company defendants named in the lawsuit as well as being an Owner, Officer and/or Director of the various company Defendants. Based on his listing in the Texas Secretary of State records as the registered agent for the company Defendants, service on him was attempted at the address in the Texas Secretary of State records. In fact, Mr. Liu spoke with CCPD officers and the process server and verbally confirmed his address. After he continually evaded service, I prepared a Motion for Substituted Service, through which service was effected in compliance with the Texas Rules of Civil Procedure.
>
> I have since prepared a Motion for Default Judgment and a Motion to Sever Defendants who have not been located from the present case. In

my opinion based on my background and experience a reasonable rate for the time spent on this case to date is $300.00 per hour. I have spent approximately 42 hours to date in the case and anticipate more in obtaining the Default Judgment. A reasonable and necessary attorney fees to date is $12,000. The facts in the case related to the DTPA claim are intertwined with the other claims and causes action alleged.

I am also familiar with the time required to handle appeals in the State of Texas. In my opinion, a reasonable and necessary fee to handle an appeal to the Court of Appeals in this matter that is unsuccessfully appealed by Defendants, including initial brief, reply briefs and Motion for Hearing would be $20,000.00.

In my opinion, in the event of an unsuccessful appeal to the Texas Supreme Court by Defendants, a reasonable and necessary fee would be $30,000.00.

Counsel for Doe did not adduce any further evidence regarding attorney's fees. Appellants' motion for new trial does not address the award of attorney's fees; however, at the hearing on the motion for new trial, appellants' counsel objected to the sufficiency of the evidence to support Doe's claims for attorney's fees.

## A.     Applicable Law

A party may recover attorney's fees only when permitted by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006); *Trevino v. City of Pearland*, 531 S.W.3d 290, 297 (Tex. App.—Houston [14th Dist.] 2017, no pet.). As a result, the claimant must segregate legal fees accrued for those claims for which attorney's fees are recoverable from those that are not. *Tony Gullo Motors I, L.P.*, 212 S.W.3d at 311; *see Kinsel v. Lindsey*, 526 S.W.3d 411, 427 (Tex. 2017). "[T]he duty to segregate between recoverable and nonrecoverable attorney's fees does not apply when the services for which the fees are incurred 'advance both a recoverable and unrecoverable claim,' such that the 'fees are so intertwined that they need not be

17

segregated.'" *Transcor Astra Grp. S.A. v. Petrobras Am. Inc.*, 650 S.W.3d 462, 482 (Tex. 2022) (quoting *Tony Gullo Motors I, L.P.*, 212 S.W.3d at 313–14).

The record must contain sufficient evidence to support an award of attorney's fees. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020). When we review the sufficiency of the evidence to support an award of attorney's fees for work performed through trial, we do so pursuant to the lodestar method. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019); *see generally El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). First, we determine the reasonable hours worked multiplied by a reasonable hourly rate. *Rohrmoos Venture*, 578 S.W.3d at 498; *El Apple I, Ltd.*, 370 S.W.3d at 760. "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture*, 578 S.W.3d at 498 (citing *El Apple I, Ltd.*, 370 S.W.3d at 762–63). We presume that this base lodestar figure, "when supported by sufficient evidence, reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Id.* at 499. Second, we then determine whether other considerations, not already accounted for, justify an enhancement or reduction to the base lodestar figure. *Id.* at 500–01.

We apply a slightly different analysis to consider the sufficiency of the evidence regarding appellate attorney's fees. Conditional appellate fees are not subject to a lodestar analysis because they have not yet been incurred and must be based on a projected estimate. *Yowell*, 620 S.W.3d at 354–55; *Hizar v. Heflin*, 672 S.W.3d 774, 803

18

(Tex. App.—Dallas 2023, pet. denied). "There is no certainty regarding who will represent the appellee in the appellate courts, what counsel's hourly rate(s) will be, or what services will be necessary to ensure appropriate representation in light of the issues the appellant chooses to raise." *Yowell*, 620 S.W.3d at 355. Nevertheless, a party seeking to recover conditional appellate attorney's fees must provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services. *Id.*

## B. Segregation

Appellants argue that the trial court abused its discretion in awarding attorney's fees because Doe did not segregate her causes of action for which legal fees are recoverable from those causes that do not support an award of attorney's fees. In this regard, we note that Doe's causes of action included various violations of the Texas Deceptive Trade Practices Act, and such causes support a request for attorney's fees. *See* TEX. BUS. & COM. CODE ANN. § 17.50(d). However, if no one objects to the fact that the attorney's fees are not segregated as to specific claims, then the objection is waived. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997); *Bagby 3015, LLC v. Bagby House, LLC*, 693 S.W.3d 646, 653 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *Hizar*, 672 S.W.3d at 802. Here, appellants objected to the award of attorney's fees based on sufficiency of the evidence to support the award but did not object regarding any alleged duty to segregate. Accordingly, we overrule appellants' contention regarding segregation.

## C. Sufficiency

Appellants contend that the trial court erred by awarding $20,000 in attorney's fees because Doe's counsel's affidavit provided that his hourly rate was $300 per hour, counsel

had performed forty-two hours of work in the case to date, and that Doe's reasonable and necessary attorney's fees were $12,000. Appellants thus argue that the record fails to support the trial court's award of an additional $8,000 in attorney's fees.

We agree with appellants. While it is patently evident that Doe's counsel performed additional work on the case after the hearing on the default judgment, to wit—responding to appellants' motion for new trial and appearing at the motion for new trial—the record is devoid of evidence supporting an attorney's fee award for that additional work. *Rohrmoos Venture*, 578 S.W.3d at 503–05; *Westheimer v. Ziemer*, 702 S.W.3d 621, 632 (Tex. App.—Houston [1st Dist.] 2024, no pet.). Here, forty-two hours of work at $300 supports an award of $12,600, not $20,000. We sustain this part of appellants' second issue.

## D. Conditional Appellate Attorney's Fees

Appellants further assert, in a single sentence, without further discussion or citation to the applicable law, that counsel's affidavit "fails to identify the tasks necessary to support an award of appellate attorney's fees." We assume without deciding that this issue is adequately briefed.

Under *Yowell*, "a party seeking to recover contingent appellate fees" must "provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Yowell*, 620 S.W.3d at 355. In *Yowell*, the intermediate appellate court's record included testimony regarding counsel's experience handling that type of litigation, his familiarity with reasonable fees charged in the region by attorneys of varying degrees of experience, the *Arthur Andersen* factors, his hourly rate, and the total hours spent on the case so far. *See Yowell v. Granite Operating Co.*, 557 S.W.3d 794, 808 (Tex. App.—Amarillo 2018) (*Yowell I*), *aff'd in part,*

20

*rev'd in part*, 620 S.W.3d 335 (Tex. 2020); *see Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (identifying factors that should be considered in determining reasonableness of a fee). In *Yowell I*, the evidence in the record included counsel's testimony that in his opinion, $22,000 would be a reasonable fee for handling the case through an appeal to the intermediate court; $7,500 would be a reasonable fee for handling a petition for review to the Texas Supreme Court; $9,000 would be a reasonable fee for briefing on the merits; and $5,000 would be a reasonable fee for representation through oral argument and completion of proceedings in the Texas Supreme Court. *Yowell I*, 557 S.W.3d at 808. In reviewing whether the award of contingent appellate fees was supported by the record, the Texas Supreme Court independently reviewed the record and concluded that the "uncontroverted" evidence met the applicable standard for the recovery of contingent appellate fees. *Yowell*, 620 S.W.3d at 355.[3]

---

[3] We note that the intermediate appellate courts are inconsistent in their approach to the application of the *Yowell* standard of review for the recovery of contingent appellate fees regarding the sufficiency of the description of the services to be rendered on appeal. *Compare*, e.g., *MRT of Kemp TX-SNF, LLC v. Lloyd Douglas Enters., LC*, 698 S.W.3d 607, 619 (Tex. App.—Dallas 2024, no pet.) (collecting cases); *Faith P. & Charles L. Bybee Found. v. Knutzen*, 681 S.W.3d 818, 840–41 (Tex. App.—Austin 2023, no pet.) (stating that affidavit testimony was legally insufficient because it provided no evidence of the tasks necessary to defend an appeal); *Jones-Hospod v. Hospod*, 676 S.W.3d 709, 725–26 (Tex. App.—El Paso 2023, no pet.) (finding that an attorney's testimony regarding appellate rates and that an appeal "would be in excess of $20,000" was legally insufficient); *Hizar v. Heflin*, 672 S.W.3d 774, 803 (Tex. App.—Dallas 2023, pet. denied) (concluding that testimony was legally insufficient to support an award of contingent appellate fees where counsel did not identify the services reasonably believed necessary to defend the appeal or an hourly rate for those services); *with*, e.g., *Lakeway Psychiatry & Behav. Health, PLLC v. Brite*, 656 S.W.3d 621, 640 (Tex. App.—El Paso 2022, no pet.) (holding that testimony setting forth an hourly rate and the amounts requested for each stage of appeal was sufficient); *see also Gibbons & Bravos Surveying L.L.C. v. Gibbons*, No. 04-24-00249-CV, 2025 WL 2326062, at *7 (Tex. App.—San Antonio Aug. 13, 2025, no pet.) (mem. op.) ("Because Mr. Zlotucha presented competent expert opinion testimony of his hourly rate and the total cost he believes will be required at each stage of an appeal, we hold the evidence presented to the trial court was sufficient to support the award of conditional appellate attorney's fees."); *Johnson v. Bearfoot Cos.*, No. 02-23-00366-CV, 2024 WL 2202033, at *10 (Tex. App.—Fort Worth May 16, 2024, no pet.) (mem. op.) (holding that an affidavit setting forth an hourly rate and an opinion regarding the total anticipated costs at each stage of appeal to be sufficient); *Trujillo v. Shafaii Invs., Ltd.*, No. 01-22-00819-CV, 2024 WL 2001612, at *12 (Tex. App.—Houston [1st Dist.] May 7, 2024, pet. denied) (mem. op. on r'hg) ("Although some attorney's fee affidavits identify particular services involved in an appeal, all appeals involve researching, preparing, and drafting a brief, so remanding this case for a more specific description of particular services would provide little if any benefit.").

Here, Doe's counsel provided similar testimony regarding his hourly rate and the amount of time required to handle appeals. Counsel explained that a reasonable and necessary fee to handle an appeal to the intermediate court of appeals, including an initial brief, any reply briefs, and a motion for rehearing, would be $20,000.00, and a reasonable and necessary fee to handle an appeal to the Supreme Court would be $30,000.00. In addition to this evidence, the trial court was also free to consider the entire record and the common knowledge of the lawyers and judges in evaluating Doe's request for a specific amount of fees. *See Kazmi v. Kazmi*, 693 S.W.3d 556, 580 (Tex. App.—Austin 2023, pet. denied); *In re J.K.R.*, 658 S.W.3d 354, 365 (Tex. App.—Corpus Christi–Edinburg 2022, no pet.); *Hernandez v. Duran*, 656 S.W.3d 550, 555 (Tex. App.—El Paso 2022, no pet.). We conclude that counsel's uncontested testimony regarding the recovery of contingent appellate fees was supported by legal and factually sufficient evidence.

## E.    Summary

We sustain appellants' second issue as to the sufficiency of the evidence to support attorney's fees for trial, and we overrule appellants' second issue as to all other arguments made. Specifically, we reverse the $20,000 award of Doe's attorney's fees for trial proceedings through the default judgment, and we remand the issue of those attorney's

---

We note that in its analysis of this issue, the Fifth Court of Appeals collected and analyzed numerous cases on point, and in part, appears to have considered that cases from our Court are inconsistent. *MRT of Kemp TX-SNF, LLC*, 698 S.W.3d at 619 (citing *Salinas Constr. Techs., Ltd. v. City of Corpus Christi*, No. 13-22-00416-CV, 2024 WL 1781923, at *14 (Tex. App.—Corpus Christi–Edinburg Apr. 25, 2024, pet. denied) (mem. op.) (concluding that an attorney's broad but uncontroverted testimony of what reasonable fees would be for the services "in the event there is an appeal" to the appellate court and the supreme court was sufficient to support award of conditional appellate fees) *and Arevalo v. Llamas*, No. 13-20-00497-CV, 2022 WL 3264628, at *10 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2022, no pet.) (mem. op.) (concluding that the evidence was insufficient to support an award of contingent attorney's fees where the record did not include any testimony regarding the services that would be necessary or a reasonable hourly rate for those services). We respectfully disagree with this suggestion, and we conclude that our opinions are congruent insofar as they are based on different factual scenarios.

fees to the trial court for redetermination. *See MRT of Kemp TX-SNF, LLC*, 698 S.W.3d at 624; *Cox Paving of Tex., Inc. v. H.O. Salinas & Sons Paving, Inc.*, 657 S.W.3d 756, 772 (Tex. App.—El Paso 2022, pet. denied).

## IV. CONCLUSION

We affirm the default judgment in part and we reverse and remand in part. Specifically, we reverse the award of damages and the $20,000 award of attorney's fees for trial proceedings through the default judgment, and we remand these issues to the trial court for redetermination. We affirm the remainder of the default judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
30th day of December, 2025.